# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA M. SCERANKA,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:17-1532** |
| : | |
| **v.** : | |
| : | **(MANNION, D.J.)** |
| **NANCY A. BERRYHILL,** : | |
| **Acting Commissioner** : | |
| **of Social Security** : | |
| : | |
| **Defendant** : | |

# **M E M O R A N D U M**

Pending before the court is the report and recommendation of Judge Mehalchick, (Doc. 19), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be granted, and that the decision of the Commissioner be remanded for vocational expert testimony. Judge Mehalchick reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C. §§401-433, 1381-1383f.[1] The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3).

The Commissioner has filed objections to Judge Mehalchick's report.

---

[1] The court notes that since Judge Mehalchick stated the full procedural history and facts of this case, and since the parties did not object to them, the court will not repeat all of them in this memorandum.

(Doc. 20). The plaintiff, Christina Marie Sceranka, responded to the Commissioner's objections. (Doc. 21). For the following reasons, the report and recommendation will be **ADOPTED** and plaintiff's appeal of the decision of the Commissioner will be **GRANTED** to the extent that this case will be **REMANDED** to the Commissioner. The Commissioner's objections will be **OVERRULED**.

**I.     STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and

recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

3

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.   RELEVANT MEDICAL EVIDENCE

Judge Mehalchick's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The parties did not file any objections to Judge Mehalchick's report with respect to plaintiff's medical history, so they will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, the court incorporates by reference these portions of the R&R and the ALJ's decision.

4

## III.  DISCUSSION

The Commissioner raises one objection to the R&R claiming that Judge Mehalchick erred in her report with respect to her finding that the ALJ was required to obtain testimony from a vocational expert at step five of the sequential evaluation process. At step five, the ALJ relied, in part, upon the medical-vocational guidelines (the "grids"). As Judge Mehalchick states in her report, "the ALJ determined that Sceranka is not disabled because the ALJ found that 'there are jobs that exist in significant numbers in the national economy that [Sceranka] can perform'", and "[t]he ALJ made that determination based on Sceranka's age, education, work experience, RFC, the grids, and SSRs 83-14, 85-15, and 96-9p, but without the testimony of a vocational expert." In particular, the ALJ found that "in the absence of any additional non-exertional limitations, and in the absence of any other physical work functions not addressed by the [SSRs], the Dictionary of Occupational Titles (DOT), and its companion publications, the testimony of a vocational expert is unnecessary."

The Commissioner contends that since the plaintiff's "exertional limitations were entirely addressed by relevant [SSRs], VE testimony was not required." The Commissioner also maintains that "the ALJ properly relied upon SSRs 83-14, 85-15, and 96-9p in finding that Plaintiff's limitations would not significantly erode the occupational base for sedentary work" and, that "the entirety of the limitations assessed by the ALJ were accounted for in the [] SSRs."

5

"If, [], the ALJ chooses to rely on an SSR instead of a vocational expert or other similar vocational evidence to find that the occupational base is not significantly eroded by a claimant's nonexertional limitations, it 'must be crystal-clear that the SSR is probative as to the way in which the nonexertional limitations impact the ability to work, and thus, the occupational base.'" Garman v. Commissioner of Social Security, 2017 WL 4330348, *6 (D.N.J. Sept. 29, 2017) (citing Allen v. Barnhart, 417 F.3d 396, 407 (3d Cir. 2005)). "Furthermore, the ALJ must specifically cite the SSR or SSRs relied upon and 'explain why the SSR is 'relevant or controlling.'" Id. (citations omitted).

In this case, the plaintiff's RFC included both exertional and non-exertional limitations.[2] As Judge Mehalchick points out, the ALJ also

---

[2]In her report, Judge Mehalchick specified the ALJ's RFC finding that plaintiff could perform sedentary work with the following limitations:

> the claimant can occasionally lift, carry, push, or pull 10 pounds; can frequently lift, carry, push, or pull less than 10 pounds; can stand or walk, in combination, for 2 hours total in an 8-hour workday with normal breaks; can sit for 6 hours total in an 8-hour workday with normal breaks; can occasionally climb ramps, stairs, ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, or crawl; should avoid concentrated exposure to extreme heat, extreme cold, humidity, vibration, fumes, odors, dusts, gases, poor ventilation, and workplace hazards; and has no additional manipulative, visual, communicative, or other limitations or restrictions.

The ALJ is required to consider all relevant evidence in the record when assessing a plaintiff's RFC at step four. *See* Fargnoli v. Massanari, 247 F.3d 34, 41-42 (3d Cir. 2001).

found that plaintiff's "'additional [non-exertional] limitations have little or no effect on the occupational base of unskilled sedentary work' because such limitations 'would not significantly erode the occupational base' of such work." The ALJ then relied upon the grids and SSRs 83-14, 85-15, and 96-9p to find that sedentary jobs existed in the national economy that plaintiff could perform, and that plaintiff was not disabled.

After a through review of the record and case law pertaining to when an ALJ can rely on the grids and SSRs without obtaining the testimony of a vocational expert, Judge Mehalchick found that the plaintiff's case should be remanded because the ALJ erred in step five when he did not consult with a vocational expert. Judge Mehalchick explained as follows:

> "[t]he grids establish the existence of jobs in the national economy for individuals with exertional limitations only" and [] "the Third Circuit has recognized that non-exertional limitations further erode this job base, thus making the grids unreliable in finding that an individual with non-exertional limitations is not disabled." Hann v. Colvin, [], 2014 WL 4802902, at *13 (M.D. Pa. Sept. 26, 2014). Further, "none of the SSRs are 'crystal clear' about the erosion of the occupational base given the non-exertional limitations, and that reliance on the SSRs, which each address only one type of non-exertional limitation, is inappropriate when there is a wide variety of non-exertional limitations." Morel v. Colvin, [], 2017 WL 1179972, at *4 (M.D.Pa. Mar. 3, 2017), report and recommendation adopted, [], 2017 WL 1162946 (M.D.Pa. Mar. 29, 2017) (remand was warranted where the ALJ failed to obtain vocational expert testimony, and instead relied on the grids and SSRs to assess whether a significant number of jobs exist in the national economy for a claimant who has a combination of exertional and non-exertional postural and environmental limitations). Thus, taking into account the volume of non-exertional limitations in Sceranka's RFC, and the variety of SSRs that the ALJ utilized to account for those limitations, the Court cannot find that there is substantial evidence to support the

7

ALJ's finding that Sceranka's non-exertional impairments would not significantly erode the occupational base for sedentary work, nor that consultation with a vocational expert was unnecessary in this instance.

"The Third Circuit has expressly directed that when a claimant's RFC contains nonexertional impairments in addition to exertional impairments, and even if the claimant's exertional impairments would not preclude working at level identified in the Grids, an ALJ cannot rely solely upon the Grids in making the step five determination of whether jobs exist in the national economy that the claimant may perform." Cole v. Commissioner of Social Security, 2017 WL 4316876, *5 (D.N.J. Sept. 28, 2017). *See also* Rojas-Velez v. Commissioner of Social Security, 2017 WL 969969, *9 (D.N.J. March 13, 2017). Thus, where a claimant has both exertional and non-exertional impairments, as in the instant case, the ALJ cannot rely upon the grids alone to determine non-disability and has to either obtain testimony from a vocational expert or make "crystal-clear that the SSR is probative as to the way in which the nonexertional limitations impact the ability to work." Allen, 417 F.3d at 407. Moreover, where advance notice that the ALJ is going to rely on SSRs instead of a vocational expert is not given, as in the present case, which prevented the plaintiff from calling her own expert, "close scrutiny to the ALJ's reliance on a Ruling as satisfying the Commissioner's burden at Step 5" is required. Id. at 408.

As the court stated in Morel, 2017 WL 1179972, at *7, "SSR 85-15p did not allow the ALJ to rely on the Grids" in a case which includes exertional

8

impairments, and that "SSR 85-15 applies when 'evaluating solely non-exertional impairments.'" Id. Here, plaintiff had exertional impairments in addition to non-exertional impairments.

Further, as the plaintiff states, SSR 96-9 is not crystal clear based on the instant record since the ALJ only limited her to "occasional" balancing in his RFC assessment without specifying what type of balancing is at issue and thus, it cannot be determined if there would be a significant erosion of the occupational base in light of this limitation. SSR 96-9 also does not support the ALJ's finding that there was no erosion of the occupational base due to plaintiff's stooping limitation which he found since this was not the only limitation which the ALJ found that the plaintiff had. As Judge Mehalchick discussed, the ALJ found that the plaintiff had several non-exertional limitations in his RFC assessment. Also, as plaintiff states, the ALJ was required to consider the combined effects of all of her non-exertional limitations "which the SSRs do not do." *See* Sykes v. Apfel, 228 F.3d 259, 270 (3d Cir. 2000).

Further, the ALJ relied upon SSR 83-14 regarding the plaintiff's environmental limitations and, he stated that "the vast majority of sedentary occupations are performed indoors, so that limitations to outside environmental irritants, such as ragweed pollen, are not significant." The court concurs with the plaintiff that it is not crystal clear that SSR 83-14, regarding ragweed allergies, is probative of plaintiff's environmental limitations to exposure to extreme heat, extreme cold, humidity, vibration, fumes, odors,

9

dusts, gases, poor ventilation, and workplace hazards, supports the ALJ's conclusion that these limitations would not result in a significant erosion of the sedentary occupational base since ragweed is not relevant to the plaintiff's stated limitations and since his exposure to the environmental limitations could occur inside or outside.

Insofar as the Commissioner relies upon Breslin v. Comm'r Soc. Sec., 509 Fed.Appx. 149 (3d Cir. 2013), as the plaintiff states, *Breslin* is distinguishable from her case since "the SSRs relied upon by the ALJ do explicitly show how the nonexertional limitations impact the occupational base."

The court must closely scrutinizing ALJ's reliance on SSRs at step five since the ALJ relied upon them without calling a vocational expert and without providing advance notice to the plaintiff. Since it is not "crystal-clear" that the stated SSRs upon which the ALJ relied are "probative as to the way in which the nonexertional limitations impact Plaintiff's occupational base", Allen, 417 F.3d at 407, the court will adopt Judge Mehalchick's report and remand this case to the Commissioner. *See* Garman, 2017 WL 4330348, *7; Cole, 2017 WL 4316876; Rojas-Velez, 2017 WL 969969, *10-*11. As such, the court finds that substantial evidence does not support the ALJ's step five determination.

## IV.   CONCLUSION

In light of the foregoing, Judge Mehalchick's report and

recommendation, (Doc. 19), is **ADOPTED**, and the Commissioner's objections, (Doc. 20), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **GRANTED** and, this case is **REMANDED** the Commissioner for further proceedings consistent with Judge Mehalchick's report. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 7, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1532-01.wpd